UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

LEIGHTON N.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:21-cv-01425-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Leighton N. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). For the reasons set forth below, that decision is AFFIRMED.

**STANDARD OF REVIEW**

    The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

§ 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since June 19, 2009, the alleged onset date. At step two, the ALJ determined plaintiff suffered from the following severe impairments: obesity, diabetes, degenerative disc disease, degenerative joint disease of left shoulder, and depression (20 CFR 404.1520(c) and 416.920(c)).

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined he has the "capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could occasionally climb ladders and scaffolds; the claimant could occasionally stoop, kneel, crouch, and crawl; the claimant could frequently overhead reach with left upper extremity; the claimant could frequently handle with left upper extremity; and the claimant would be limited to simple, routine tasks."

At step four, the ALJ found plaintiff was unable to perform any past relevant work. However, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including bench assembler, hand packager, and office helper. Thus, the ALJ concluded plaintiff was not disabled.

## DISCUSSION

**I.    Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."

*Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, when coupled with another permissible reason, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to

4 – OPINION AND ORDER

"credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

      The ALJ recognized that plaintiff was diagnosed with depression but concluded that the medical record revealed "very little evidence of consistent care and treatment," which suggested plaintiff had "adequate control" of his mental health symptoms. Tr. 27. The ALJ noted that, although he had a history of depression, plaintiff would not consider mental health medication and, although he had suicidal ideation, he failed to follow up with mental health treatment. Tr. 24 (citing 643 (chart notes indicating plaintiff has history of depression "but won't consider medication" and that therapists "can't fix me"). In support of the ALJ's decision, the Commissioner also points to portions of the record where plaintiff stated he was "wasting the therapist's time indicating a lack of progress being made" and "I don't really want to see someone." Resp. 6 (citing Tr. 529, 662).

      Plaintiff contends there is an explanation for why he failed to follow through with mental health treatment, and points to treatment notes indicating that his noncompliance with treatment was "due to profound depression" that was "significantly impacting his ability to care for himself." Reply 2 (citing Tr. 796, 811). Indeed, an ALJ may not reject a claimant's failure to engage in mental health treatment without considering the reasons why the claimant did not do so. *See, e.g.*, *Shirley v. Comm'r of Soc. Sec.*, 354 F. Supp. 3d 1192, 1200 (D. Or. 2018) (finding

the ALJ erred in rejecting the plaintiff's testimony regarding his mental limitations without considering other reasons for why he had not engaged in consistent mental health therapy, including his anxiety and because he could not afford therapy co-pays).

But, here, the ALJ also relied on other factors including "objective evidence," specifically psychiatric examinations that "suggest[] a level of functioning greater than one alleged by" plaintiff. Tr. 27. Objective medical evidence may be considered in evaluating a claimant's testimony regarding mental health symptoms. *See Shultes v. Berryhill,* 758 F. App'x 589, 593 (9th Cir. 2018) (recognizing lack of supporting objective medical evidence as one factor in discrediting the plaintiff's testimony regarding his mental health symptoms). The ALJ observed that while "recent psychiatric examinations revealed depressed mood and blunt affect," plaintiff otherwise exhibited "normal behavior, judgment, thought content, cognition, and memory." *Id.* (citing Exs. B9F/5-6; B17F/5, 8, 14-15, 23). Mild or moderate depression is not "a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation." *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007).

Finally, the ALJ found that plaintiff's testimony was inconsistent with his activities of daily living, which is another legitimate factor that may be considered in evaluating a claimant's mental health symptoms. *See Shultes*, 758 F. App'x at 593 (upholding the ALJ's use of inconsistencies in a claimant's daily activities to discredit his testimony regarding mental impairments). The ALJ observed that plaintiff was able to care for his personal hygiene independently, prepare meals, perform household chores, care for his two children, and use a computer. Tr. 27. The ALJ also observed that plaintiff was able to operate a motor vehicle, including driving his wife to work every morning. *Id.* In fact, the record reflects that plaintiff's wife does not drive at all. Tr. 58. The ALJ found that "performance of these activities are in

6 – OPINION AND ORDER

direct contrast to his allegations." *Id.* The ALJ's findings are supported by substantial evidence in the record. According to plaintiff's wife's third-party function report, plaintiff was able to prepare complete meals, do laundry, cleaning, and mow the yard, go outside several times a day, and shop for food and household supplies. Tr. 434-441. Also, records show that plaintiff "use[d] most of the daytime to take care of his 3 years and 8 years kids at home." Tr. 620; *see also* Tr. 136 ("[s]tays at home mostly doing some child care" for his "2 small children"). Thus, even if the ALJ erred in discounting plaintiff's testimony due to the lack of consistent mental health treatment, any error is harmless because the ALJ provided at least one other clear and convincing reason, supported by substantial evidence, to reject plaintiff's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (finding an ALJ's decision cannot be reversed "on account of an error that is harmless").

## II.     RFC Determination—Concentration, Persistence, and Pace

Plaintiff next contends the ALJ erred in fashioning an RFC that includes in a restriction to simple and routine tasks when he otherwise found plaintiff had moderate limitations in concentrating, persisting, and maintaining pace. Plaintiff argues that the "simple or routine nature of a task has no apparent bearing on how well an individual can ignore distraction or remain on task sufficiently to complete it in a timely manner." Pl. Br. 10.

The ALJ found that the opinion by Michael Dennis, Ph.D., was entitled to great weight. Dr. Dennis opined that plaintiff had mild restriction of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. Tr. 165. Dr. Dennis further opined that plaintiff was able to understand, remember, and carry out very short and simple instructions, and was moderately limited in the ability to understand, remember, and carry out detailed instructions.

7 – OPINION AND ORDER

Tr. 169.  Dr. Dennis opined that plaintiff was able to understand and remember 1-3 step instructions, maintain concentration, persistence, and pace for up to two hours continuously, and complete a normal workday/workweek within normal tolerances.  Tr. 169-70.

The hypothetical that the ALJ posed to the VE included a restriction to simple and routine tasks, but the ALJ did not ask the VE about plaintiff's moderate limitation in concentration, persistence, and pace.  "[T]here is conflicting authority as to whether a limitation to 'simple, routine, repetitive work' adequately encompasses a limitation in pace, concentration, and/or persistence."  *Fickardt v. Comm'r of Soc. Sec.*, No. 221CV00250EFBSS, 2022 WL 4367167, at *10 (E.D. Cal. Sept. 21, 2022) (comparing *Brink v. Comm'r of Soc. Sec.*, 343 F. App'x. 211 (9th Cir. 2009), *with Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008)).  However, in *Stubbs-Danielson*, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."  539 F.3d at 1174.  There, "[t]he ALJ translated Stubbs–Danielson's condition, including the pace and mental limitations, into the only concrete restrictions available to him—[one doctor's] recommended restriction to 'simple tasks.'"  *Id.*

Similarly, here, the ALJ translated plaintiff's condition, including the pace and mental limitations, into Dr. Dennis' recommended restriction to simple and routine tasks.  In fact, Dr. Dennis opined that plaintiff was able to understand and remember 1-3 step instructions.  All of the jobs recommended by the VE are GED reasoning level 2.  As the Commissioner correctly observes, there is no conflict between following simple 1-3 step instructions and GED reasoning level 2.  *See Bannister v. Colvin*, 2016 WL 5141722 at *5 (W.D. Wa. 2016) ("The ability to carry out instructions of three steps or less is not inconsistent with Reasoning Level 2 jobs.");

8 – OPINION AND ORDER

*Hamlett v. Astrue*, 2012 WL 469722 (C.D. Ca. 2012) (correlating Reasoning Level One with one and two step instructions and Reasoning Level Two with three and four-step instructions); *Howard v. Saul*, 2020 WL 7490378 at *3 (D. Nev. 2020); *Ray v. Comm'r of Social Sec. Admin.*, 2019 WL 77432 at *1 (W.D. Wash. 2019). Dr. Dennis also opined that plaintiff could maintain concentration, persistence, or pace for up to two hours. The mental abilities needed to understand, carry out, and remember simple instructions include "[t]he ability to maintain concentration and attention for extended periods (the approximately 2-hour segments between arrival and first break, lunch, second break, and departure)." *See* POMS DI 25020.010(B)(2)(a). Thus, the ALJ did not err in this regard.

### III. Medical Opinion Evidence

Finally, plaintiff argues that the RFC is "legally erroneous because it is based on an improper evaluation of the medical opinions of record." Pl. Br. 11.

Under the regulations in effect at the time plaintiff filed his application, the ALJ is responsible for resolving ambiguities and conflicts in the medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician.[2] *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

"Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record."

---

[2] For claims filed on or after March 27, 2017, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). However, these regulations do not apply to this case because plaintiff filed for benefits in 2015.

9 – OPINION AND ORDER

*Id*. (treating physician) (quoting *Reddick*, 157 F.3d at 725); *Widmark v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician). "Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Orn*, 495 F.3d at 632 (quoting *Reddick*, 157 F.3d at 725); *Widmark*, 454 F.3d at 1066.

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.*

"The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (citation and internal quotation marks omitted). Additionally, the ALJ may discount physicians' opinions based on internal inconsistencies, inconsistencies between their opinions and other evidence in the record, or other factors the ALJ deems material to resolving ambiguities. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

Here, the ALJ gave great weight to the opinions of the two state agency psychological consultants, Dr. Dennis and Joshua Boyd, Ph.D., and little weight to the opinion of consultative examiner, Erum Khaleeq, M.D., who examined plaintiff in March 2016. Because there is a conflict between the opinions, the ALJ was required to provide specific and legitimate reasons for discounting Dr. Khaleeq's opinion.

The ALJ rejected Dr. Khaleeq's opinion because it was "unsupported and inconsistent with the medical record." Tr. 30. First, the ALJ found that when Dr. Khaleeq conducted his

10 – OPINION AND ORDER

evaluation in March 2106, he "was not privy to more recent evidence available at the hearing." *Id.* In conducting his evaluation, Dr. Khaleeq reviewed the mental health assessment from Marion County Mental Health. Tr. 626. The record, however, contains psychiatric examinations that were performed after Dr. Khaleeq conducted his evaluation, and, as the ALJ observed, those "recent psychiatric examinations revealed depressed mood and blunt affect, but normal behavior, judgment, thought content, cognition, and memory." Tr. 27. This was a specific and legitimate reason to discount Dr. Khaleeq's opinion.

The ALJ also rejected Dr. Khaleeq's opinion because it was inconsistent with plaintiff's statements regarding his activities of daily living, which the ALJ found were "fairly robust." Tr. 30. Plaintiff argues the ALJ "conclusory statement . . . lacks any explanation whatsoever." Pl. Br. 13. But the ALJ elsewhere discussed these activities in detail and how they supported a higher level of functioning than plaintiff claimed, Tr. 27, and how they also supported the conclusion that plaintiff had only mild limitation understanding, remembering, and applying information, and moderate limitation in concentration, persistence, and pace, Tr. 18, as Dr. Dennis had found. Tr. 31.

Plaintiff contends the ALJ erred in rejecting Dr. Khaleeq's testimony on grounds "the medical record revealed very little evidence of consistent care and treatment." Pl. Br. 12. This argument is similar to plaintiff's argument that the ALJ erroneously rejected his testimony on the same grounds. But the error is harmless where the ALJ has stated at least one valid specific and legitimate reason to reject Dr. Khaleeq's opinion. *Molina*, 674 F.3d at 1111.

//
//
//

11 – OPINION AND ORDER

## ORDER

The Commissioner's decision is AFFIRMED.

DATED March 15, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge
